[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, Slip Opinion No. 2020-Ohio-4409.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4409

CROWN SERVICES, INC., ET AL., APPELLANTS, *v.* MIAMI VALLEY PAPER TUBE COMPANY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, Slip Opinion No. 2020-Ohio-4409.]

*Civil Procedure—R.C. 2505.02—Final, appealable order—Dismissal of case without prejudice based on forum non conveniens is not a final, appealable order because it does not prevent refiling and therefore does not affect a substantial right, determine the action, or prevent a judgment—Judgment affirmed.*

(No. 2019-0665—Submitted February 26, 2020—Decided September 15, 2020)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 108323.

_____

**STEWART, J.**

{¶ 1} In this appeal we consider whether a trial court's order dismissing a case without prejudice based on the doctrine of forum non conveniens is a final, appealable order pursuant to R.C. 2505.02. We hold that it is not, and therefore, we affirm the judgment of the court of appeals.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Appellant Crown Services, Inc., is an Ohio corporation with offices in Columbus, Ohio and Florence, Kentucky. Crown provides temporary staffing services to its clients. Appellee, Miami Valley Paper Tube Company, is an Ohio corporation with a manufacturing facility in Crittenden, Kentucky. Miami Valley manufactures paper cores and tubes. Appellant American Zurich Insurance Company is an insurance company that does business as a workers' compensation insurer in Kentucky.

{¶ 3} On September 21, 2015, Crown entered into a "General Staffing Agreement" with Miami Valley to provide temporary employees at Miami Valley's Crittenden facility. The staffing agreement required Crown to maintain workers' compensation insurance for its employees in accordance with the laws of Kentucky. Crown's workers' compensation policy was with Zurich.

{¶ 4} Although Crown was required to maintain a workers' compensation policy in accordance with the laws of Kentucky, the staffing agreement contained a forum-selection clause establishing that the agreement is governed by the laws of Ohio. The clause provides:

> The validity and interpretation of this Agreement shall be governed by and construed under, and the legal relations between the parties hereto will be determined in accordance with, the laws of the State of Ohio, without giving effect to such state's conflict of law principles. The parties agree to exclusive personal jurisdiction

and venue in any court of competent jurisdiction located in the State of Ohio.

{¶ 5} On August 23, 2017, one of Crown's employees was injured while working at Miami Valley's Crittenden facility. As a result, Crown and Zurich became obligated under Kentucky law to pay workers' compensation benefits to the injured worker in the amount of $1,944,807. Crown and Zurich filed a lawsuit against Miami Valley on August 22, 2018, seeking to recover the amount they had been required to pay. The lawsuit was filed in the Cuyahoga County Court of Common Pleas in Ohio. The complaint asserted that Crown's employee was injured as the direct and proximate cause of Miami Valley's breach of the staffing agreement, which required that Miami Valley properly train employees, provide employees with safe working conditions, and properly control and safeguard the premises of its facility.

{¶ 6} On October 2, 2018, Miami Valley filed a motion for change of venue to the Common Pleas Court in Franklin County, Ohio, the county of Crown's principal place of business. The motion asserted that no party to the lawsuit had any connection to Cuyahoga County and thus, venue there was improper under Civ.R. 3(C).

{¶ 7} Crown and Zurich opposed the motion, arguing that pursuant to the forum-selection clause in the staffing agreement, venue was proper in *any* Ohio court of competent jurisdiction. On October 23, 2018, the trial court denied Miami Valley's motion for change of venue.

{¶ 8} Crown and Zurich filed an amended complaint in the Cuyahoga County Court of Common Pleas on November 3, 2018. Miami Valley filed a motion to dismiss the complaint based on the doctrine of forum non conveniens. Specifically, Miami Valley argued that the action should be filed in the Circuit Court in Grant County, Kentucky. Crown and Zurich opposed the motion, asserting

that the forum-selection clause in the staffing agreement controls where the action could be filed and that the clause should be enforced. They further argued that despite the fact that the workplace injury occurred in Kentucky, Kentucky does not have a greater interest in the contract than Ohio.

{¶ 9} Notwithstanding the forum-selection clause in the staffing agreement, the trial court dismissed the case, without prejudice, based on forum non conveniens. In its analysis, the trial court discounted the private interests of the litigants based on the staffing agreement's forum-selection clause. Instead, the trial court considered public-interest factors affecting the citizens of Cuyahoga County and the Cuyahoga County Court of Common Pleas and determined that the Kentucky court was a more convenient forum for this case because resolution of the dispute would involve the application of Kentucky workers' compensation law and would require a Cuyahoga County jury to hear and resolve a factual dispute based on conduct that occurred in Kentucky.[1] Accordingly, the court granted Miami Valley's motion to dismiss on the condition that the company stipulate that it would not dispute jurisdiction in Kentucky. Miami Valley filed the stipulation and the trial court dismissed the amended complaint without prejudice.

{¶ 10} Crown and Zurich appealed to the Eighth District Court of Appeals. Miami Valley filed a motion to dismiss the appeal arguing that the trial court's dismissal without prejudice pursuant to the doctrine of forum non conveniens was not a final order under R.C. 2505.02.

{¶ 11} Citing two cases from the Eighth District, the court of appeals dismissed the appeal for want of jurisdiction on the basis that a dismissal without

---

1. Although not cited by the trial court, we note that the Supreme Court of the United States has said that when parties agree to a forum selection, they waive the right to challenge that forum as inconvenient, and that " 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.' " (Brackets in *Atlantic Marine*.) *Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 63-64, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013), quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring).

prejudice based on forum non conveniens is not a final, appealable order. *See Siegel v. Boss*, 8th Dist. Cuyahoga No. 101934, 2015-Ohio-689; *Century Business Servs., Inc. v. Bryant*, 8th Dist. Cuyahoga Nos. 80507 and 80508, 2002-Ohio-2967. The court's journal entry further explained that this court's decision in *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, is distinguishable from this case because *Natl. City* involved a dismissal without prejudice based on personal jurisdiction rather than forum non conveniens. Finally, the Eighth District noted that this court's decision in *Chambers v. Merrell-Dow Pharmaceuticals*, 35 Ohio St.3d 123, 519 N.E.2d 370 (1988), did not address whether Ohio's district courts of appeals have jurisdiction to review a trial court's dismissal without prejudice based on forum non conveniens.

{¶ 12} We accepted Crown and Zurich's appeal on the following proposition of law: "A dismissal by a trial court of an action, otherwise properly venued, on the grounds of forum non conveniens constitutes a final, appealable order under R.C. 2505.02." *See* 156 Ohio St.3d 1464, 2019-Ohio-2892, 126 N.E.3d 1168.

## ANALYSIS

{¶ 13} Article IV, Section 3(B)(2) of the Ohio Constitution provides that appellate courts have jurisdiction to review final orders and judgments. A final order " 'dispos[es] of the whole case or some separate and distinct branch thereof.' " *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989), quoting *Lantsberry v. Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971).

{¶ 14} R.C. 2505.02(B) defines a final order and provides:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 15} R.C. 2505.02(B)(1) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that *affects a substantial right* in an action that in effect *determines the action and prevents a judgment*." (Emphasis added.)

{¶ 16} R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Under the statute, however, the mere existence or implication of a substantial right in a case is insufficient to create a final order. Instead, the "crucial question" is whether the order "*affects* a substantial right." (Emphasis sic.) *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). An order affects a substantial right "only if an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7, citing *Bell* at 63.

{¶ 17} An order determines the action and prevents a judgment when it "dispose[s] of the merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the court," *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 8. *See also Natl. City*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, at ¶ 7. "A judgment that leaves issues unresolved and contemplates further action is not a final, appealable order." *VIL Laser* at ¶ 8. For example, in *VIL Laser*, we found an order was not final and appealable because it gave a party the option of choosing between remittitur and a new trial for damages, notwithstanding the fact that the order stated that it was final and granted a new trial. *Id*. at ¶ 9, 14. In *Natl. City*, however, we found that an order dismissing an action based on lack of personal jurisdiction was a final, appealable order because it prevented refiling the action and because the trial court did not retain jurisdiction. *Id*. at ¶ 8-9, 12.

**{¶ 18}** "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Forum non conveniens assumes proper jurisdiction and venue in the court in which the plaintiff has chosen to file a complaint and also assumes that jurisdiction and venue are proper in the court of another state or country. *Chambers*, 35 Ohio St.3d at 126, 132, 519 N.E.2d 370.

**{¶ 19}** In *Chambers*, we adopted the doctrine of forum non conveniens for use by Ohio courts. *Id*. at paragraph one of the syllabus. The plaintiffs in *Chambers* were from the United Kingdom. *Id*. at 124. They filed actions in Ohio against Merrell-Dow Pharmaceuticals, a Delaware corporation with its principal place of business in Hamilton County, Ohio. *Id*. The underlying actions involved birth defects allegedly caused by a drug developed by the company to relieve nausea and vomiting during pregnancy. *Id*. A "counterpart of this drug * * * was marketed and distributed * * * by a wholly owned British subsidiary of Merrell-Dow, Richardson-Merrell, Ltd." *Id*. Merrell-Dow filed a motion to dismiss based on forum non conveniens, arguing that the United Kingdom was a more convenient forum. *Id*. The trial court granted the motion conditioned on Merrell-Dow's consent to be sued in the United Kingdom and its agreement to make any witnesses and documents available and to waive any applicable statute of limitations. *Id*. "The court of appeals affirmed, finding no abuse of discretion in the trial court's conditional dismissal of the actions in favor of the more appropriate British forum." *Id*.

**{¶ 20}** We affirmed the judgment of the court of appeals, holding that the decision to dismiss a complaint based on the common-law doctrine of forum non conveniens is within "the sound discretion" of Ohio trial courts and "may be employed pursuant to the inherent powers of such court to achieve the ends of justice and convenience of the parties and witnesses." *Id*. at paragraph one of the

syllabus. We also established that although forum non conveniens is not in conflict with the Rules of Civil Procedure, a court cannot dismiss a case based on forum non conveniens in order for the case to be transferred to a court in another Ohio county, because the "*transfer* of an action within the Ohio judicial system involves considerations wholly separate from a conditional dismissal and refiling outside Ohio" and is already governed by another rule. (Emphasis sic.) *Id*. at 131-132; *see also State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 15; *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 624, 665 N.E.2d 212 (1996).

{¶ 21} In this case, Crown and Zurich assert that a dismissal based on forum non conveniens must be a final, appealable order, in part because we established an abuse-of-discretion standard of review in *Chambers*. We acknowledge that the *Chambers* opinion stated that the applicable standard for an appeal based on a forum non conveniens dismissal is to review for "a clear abuse of discretion." *Chambers*, 35 Ohio St.3d at 127, 519 N.E.2d 370. But our analysis does not end there. Whether a dismissal based on forum non conveniens is a final, appealable order was not before the court in *Chambers*, and *Chambers* did not discuss—as Crown and Zurich have also neglected to do in this case—jurisprudence on the appealability of dismissals without prejudice. In other words, the standard of review for a trial court's dismissal of a case based on the doctrine of forum non conveniens is abuse of discretion—but only if that dismissal is a final order subject to review. So we clarify here that a dismissal without prejudice based upon forum non conveniens is not a final, appealable order pursuant to R.C. 2505.02(B) and is therefore not subject to appellate review.

{¶ 22} Crown and Zurich argue that our decision in *Natl. City*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, should apply to cases involving dismissals based on forum non conveniens because the trial court did not retain jurisdiction over the case. But *Natl. City* involved a dispute over personal

jurisdiction. *Id*. at ¶ 4. The plaintiff in *Natl. City* was seeking to enforce a forum-selection clause in a contract, but the defendants moved to dismiss, claiming that Ohio did not have personal jurisdiction over them. *Id*. The trial court determined that there was no evidence in the record that the defendants were subject to the jurisdiction of the Ohio court. *Id*. at ¶ 8. We noted that a dismissal for lack of personal jurisdiction " 'operate[s] as a failure otherwise than on the merits,' " *id*., quoting Civ.R. 41(B)(4)(a), and that "[o]rdinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Id*. However, this court held that the dismissal satisfied R.C. 2505.02 because it prevented the plaintiff from refiling the action and left nothing for the trial court to determine. *Id*.

{¶ 23} By contrast, under the doctrine of forum non conveniens, jurisdiction and venue are proper. Whether the trial court retained jurisdiction is irrelevant because " ' "[a] dismissal without prejudice leaves the parties as if no action had been brought at all." ' " *C.H. v. O'Malley*, 158 Ohio St.3d 107, 2019-Ohio-4382, 140 N.E.3d 589, ¶ 18, quoting *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999), quoting *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959). Thus, a dismissal without prejudice based on forum non conveniens does not prevent refiling the action in any court, even in the court where the action was originally filed. Furthermore, it is unclear how Crown and Zurich reached the conclusion that the dismissal without prejudice in this case prevents refiling in the trial court. The only condition the trial court noted in the dismissal order was that Miami Valley must not dispute jurisdiction in Kentucky. The dissenting opinion reads this condition as an attempt by the trial court to require Crown and Zurich to file this action in Kentucky, thereby "eliminat[ing] Crown's contractual right to litigate the case in Cuyahoga County" pursuant to the forum-

selection clause of the contract. Dissenting opinion at ¶ 39.[2] As we clearly establish in this opinion, that is not the case. The trial-court order dismissing this case without prejudice does not prevent Crown and Zurich from refiling this action in any Ohio court of competent jurisdiction, including the Common Pleas Court in Cuyahoga County.

{¶ 24} The dissenting opinion asserts that the dismissal affects a substantial right by abrogating constitutionally protected contractual rights. The dissenting opinion further asserts that when there is a forum-selection clause in a contract, dismissing the action without prejudice based upon the doctrine of forum non conveniens prevents a judgment in the plaintiffs' favor and determines the action by terminating the proceeding and therefore, is a final, appealable order within the meaning of Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03. Although the dismissal order concerns a substantial right, it does not determine the action and prevent a judgment. R.C. 2505.02(B)(1); *see Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989) (to be final, an order that affects a substantial right must also determine an action and prevent a judgment), citing R.C. 2505.02. Here, the language of the trial court's order dismissing the case without prejudice terminated the action but not on the merits. *See Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 10, citing *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 226, 431 N.E.2d 660 (1982), fn. 4. The order does not prevent or require refiling in any particular court. As acknowledged above, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases. *Atlantic Marine Constr. Co. v. United*

---

2. Although the forum-selection clause states that the staffing agreement is to be governed by Ohio law and the parties agree to venue and personal jurisdiction in Ohio, the contract does not give Crown the "right to litigate the case in Cuyahoga County" as the dissenting opinion asserts. Dissenting opinion at ¶ 39.

*States Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 63-64, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). The forum-selection clause in this contract is for any court of competent jurisdiction in Ohio, not just for the Cuyahoga County Court of Common Pleas. The trial court may or may not have given proper weight to the forum-selection clause in the parties' contract, but regardless of this, the contract does not restrict the trial court's authority to dismiss a case without prejudice based upon the doctrine of forum non conveniens, and the trial court's decision in this case does not transform the dismissal into a final order under R.C. 2505.02. Allowing for such a transformation is up to the General Assembly. *State v. Smorgala*, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990). This court cannot ignore the criteria in R.C. 2505.02(B) in order to reach a legal conclusion with respect to R.C. 2505.03.

{¶ 25} We recognize that *Natl. City* addressed whether a dismissal other than on the merits was a final, appealable order, and it involved circumstances under which a trial court's dismissal was ordinarily not reviewable under R.C. 2505.02. However, in that case, there was a dispute over whether the trial court could adjudicate the case between the parties. In the context of forum non conveniens, there is no question that the court can adjudicate the case between the parties; the court simply decides not to do so. And that discretionary dismissal, made without prejudice, is not reviewable.

{¶ 26} Finally, the dissenting opinion cites federal authority and a seminal treatise on federal practice and procedure to support its argument that a forum non conveniens dismissal is appealable when there is a forum-selection clause in a contract. Dissenting opinion at ¶ 44. It is true that a federal forum non conveniens dismissal is appealable. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (affirming the district court's forum non conveniens dismissal without comment on the order's appealability in a case where the chosen forum was the United States but the more convenient forum was Scotland); 15A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 3914.12, at 726

12

(2d Ed.1992), fn. 23. But in such a case, the dismissal means the case cannot be brought *anywhere* in the United States federal court system. If another forum in the United States is more convenient, the proper vehicle is a motion to transfer pursuant to 28 U.S.C. 1404(a). *Atl. Marine*, 571 U.S. at 55, 134 S.Ct. 568, 187 L.Ed.2d 487.[3] And it is settled that an order granting or denying a motion to transfer a case is not immediately appealable. *See Miller v. Toyota Corp.*, 554 F.3d 653, 655 (6th Cir.2009), quoting *Lemon v. Druffel*, 253 F.2d 680, 683 (6th Cir.1958) ("as a general matter at least, it has long been 'settled that an order granting a transfer or denying a transfer is interlocutory and not appealable' "); 15A Wright, Miller & Cooper, Section 3914.12, at 718, fn. 5. Thus, generally, an order enforcing a forum-selection clause will not be immediately appealable in the federal court system.

{¶ 27} For an order to be final and appealable under R.C. 2505.02, it must be an order that "affect[s] a substantial right and in effect determine[s] the action and prevent[s] a judgment." *VIL Laser*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, at ¶ 7, citing R.C. 2505.02(B)(1). A dismissal of a case without prejudice based upon forum non conveniens does not satisfy R.C. 2505.02, because it does not prevent refiling. Thus, it does not affect a substantial right, determine the action, or prevent a judgment.

**CONCLUSION**

{¶ 28} For the foregoing reasons, we hold that the dismissal in this case, that is without prejudice, based on the doctrine of forum non conveniens, is not a final, appealable order pursuant to R.C. 2505.02. We therefore affirm the judgment of the Eighth District Court of Appeals.

---

3. Dismissal pursuant to 28 U.S.C. 1406(a) is only allowed when venue is "wrong" or "improper," which "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws," regardless of a forum-selection clause. *Atl. Marine* at 55-56. *See* 28 U.S.C. 1391(b) (setting forth proper venue for civil actions brought in federal district courts).

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, and DONNELLY, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by FRENCH, J.

_____

**KENNEDY, J., dissenting.**

{¶ 29} When a cause of action is brought in a particular forum pursuant to a forum-selection clause in a contract, a trial-court order dismissing that action on the basis of the doctrine of forum non conveniens is a "final order" within the meaning of Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. Chapter 2505. An order dismissing an action on that basis affects a substantial right by abrogating constitutionally protected contractual rights, it determines the action the plaintiff filed by terminating the proceeding, and it prevents a judgment in the plaintiff's favor in that action. *See* R.C. 2505.02(A)(1) and (B)(1). Because the Eighth District Court of Appeals has appellate jurisdiction to review the dismissal of the complaint in this case, I dissent from the majority's judgment today to affirm the dismissal of the appeal of appellants, Crown Services, Inc., and American Zurich Insurance Company, for lack of jurisdiction.

{¶ 30} This case, on the surface, might appear to concern only an arcane question of appellate jurisdiction. However, its importance to the people and businesses of this state cannot be overstated. At stake in this appeal is the freedom of Ohioans to bargain for forum-selection clauses in their contracts and to expect that the parties to them will live up to their side of the bargain. A forum-selection clause is an indispensable tool of interstate and international business that allows contracting parties to avoid uncertainty in potential litigation by agreeing in advance on a forum that is acceptable to both parties. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 47 (1st Cir.2014).

These clauses operate by "overrid[ing] the otherwise applicable rules (whether derived from statutes or rules of procedure) regarding venue and forum selection, including the *forum non conveniens* test." *Ex parte Riverfront, L.L.C.*, 196 So.3d 1167, 1173 (Ala.2015) (Murdock, J., concurring in part and concurring in the result).

{¶ 31} " 'The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.' " *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 125-126, 519 N.E.2d 370 (1988), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The doctrine provides criteria for deciding when the plaintiff's choice of forum should be overridden because of its inconvenience to the defendant and witnesses or because the parties' relationship to the forum does not justify the imposition on its courts and citizens. *Id*. at 126-127.

{¶ 32} In this case, appellee, Miami Valley Paper Tube Company, promised in its agreement with Crown Services to concede "exclusive personal jurisdiction and venue in any court of competent jurisdiction located in the State of Ohio." In reliance on the bargain that the parties struck, Crown Services and its insurer, American Zurich Insurance, filed suit against Miami Valley Paper Tube in the Cuyahoga County Court of Common Pleas, seeking indemnity against their liability on a workers' compensation claim. Miami Valley Paper Tube then sought to escape from the forum-selection clause it had signed, relying on the doctrine of forum non conveniens to have the complaint dismissed subject to Miami Valley Paper Tube's stipulation that it would not dispute jurisdiction in the circuit court in Grant County, Kentucky, once the complaint was refiled there.

{¶ 33} The trial court declined to give effect to the forum-selection clause that Miami Valley Paper Tube had freely bargained for and dismissed the complaint

without prejudice to refiling in Kentucky based on forum non conveniens. Crown Services and American Zurich Insurance sought appellate review, but the Eighth District Court of Appeals dismissed the appeal on the basis that a dismissal without prejudice based on forum non conveniens is not a final, appealable order. In its ruling, the appellate court declined to follow our decisions in *Chambers* and *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663.

{¶ 34} In *Chambers*, this court adopted the doctrine of forum non conveniens and also set forth "the applicable standard of review *upon appeal* from a *forum non conveniens* dismissal"—that is, abuse of discretion. (Emphasis added.) 35 Ohio St.3d at 127, 519 N.E.2d 370. And in holding that a dismissal for lack of personal jurisdiction may be reviewed by an appellate court, this court cited *Chambers* as a case where the court had previously "reviewed a dismissal based upon the doctrine of forum non conveniens." *Natl. City Commercial Capital Corp.* at ¶ 11.

{¶ 35} The Eighth District concluded that these cases had not specifically considered whether Ohio's courts of appeals have jurisdiction to review a dismissal based on forum non conveniens. It therefore relied on its own case precedent holding that a dismissal on forum non conveniens grounds is not a final order and dismissed the appeal for lack of appellate jurisdiction.

{¶ 36} Article IV, Section 3(B)(2) of the Ohio Constitution establishes the appellate jurisdiction of Ohio's courts of appeals:

> Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have

jurisdiction to review on direct appeal a judgment that imposes a
sentence of death.

R.C. 2501.02 effectuates this language, providing that the courts of appeals "shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district." *See also* R.C. 2505.03.

{¶ 37} R.C. 2505.02(B)(1) defines the term "final order" to include "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 38} There can be no question that the dismissal of appellants' complaint affected a substantial right. The freedom to contract is enshrined in Article II, Section 28 of the Ohio Constitution, and "[i]t has long been recognized that persons have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced," *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 36, 514 N.E.2d 702 (1987). As we have explained, "[t]he right to contract freely with the expectation that the contract shall endure according to its terms is as fundamental to our society as the right to write and to speak without restraint." *Blount v. Smith,* 12 Ohio St.2d 41, 47, 231 N.E.2d 301 (1967). And more specifically, we have upheld forum-selection clauses contained in commercial contracts between business entities such as Crown Services and Miami Valley Paper Tube. *E.g., Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173, 610 N.E.2d 987 (1993).

{¶ 39} Crown Services and Miami Valley Paper Tube bargained for a forum-selection clause, and they both had the right to have it enforced by the trial

courts of this state. Crown Services exercised its contractual right under the forum-selection clause and selected Cuyahoga County as the venue in this action. When it agreed to be sued in any county in Ohio, Miami Valley Paper Tube waived its ability to contest the convenience of litigating this action in Cuyahoga County. Accordingly, when the trial court declined to enforce the forum-selection clause on the basis of forum non conveniens, it affected Crown Services' substantial right—in fact, the judgment of dismissal conditioned on Miami Valley Paper Tube's refiling of the action in Kentucky *eliminated* Crown Services' contractual right to litigate the case in Cuyahoga County.

{¶ 40} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). An order that "leaves issues unresolved and contemplates further action is not a final, appealable order under [R.C. 2505.02(B)(1)] unless the remaining issue is mechanical and involved only a ministerial task." *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 8. And an order cannot prevent a judgment until it is journalized. *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 526, 709 N.E.2d 1148 (1999); Painter & Pollis, *Ohio Appellate Practice*, Section 2:7 (2019).

{¶ 41} Here, the dismissal disposed of all the claims before the court, leaving nothing further for the trial court to resolve. There was no further action contemplated and the trial court did not reserve jurisdiction over the case. As the United States Court of Appeals for the Seventh Circuit has explained, a dismissal on forum non conveniens grounds "ends the case before the court," *Manez v. Bridgestone Firestone N. Am. Tire, L.L.C.*, 533 F.3d 578, 583 (7th Cir.2008), and

"the underlying litigation is finished," *id.* at 584. The dismissal also prevented a judgment in Crown Services' favor; the order was journalized and the dismissal terminated the case. *See State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17 (addressing a Civ.R. 41(A)(1) dismissal).

{¶ 42} Therefore, when a cause of action is brought in a particular forum pursuant to a contract containing a forum-selection clause, a dismissal based on the doctrine of forum non conveniens is a final, appealable order pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03.

{¶ 43} This conclusion accords with the prevailing rule in other jurisdictions that a dismissal based on forum non conveniens is final and appealable. *E.g.*, *Ritzen Group, Inc. v. Jackson Masonry, L.L.C.*, ___ U.S. ___, 140 S.Ct. 582, 590, 205 L.Ed.2d 419 (2020); *Tucker v. Cochran Firm-Criminal Defense Birmingham, L.L.C.*, 2014 OK 112, 341 P.3d 673, ¶ 36; *Pan v. Eighth Judicial Dist. Court ex rel. Clark Cty.*, 120 Nev. 222, 225, 88 P.3d 840 (2004); *Beaven v. McAnulty*, 980 S.W.2d 284, 289 (Ky.1998), superseded in part by statute as stated in *Dollar General Stores, Ltd. v. Smith*, 237 S.W.3d 162 (Ky.2007).

{¶ 44} A contrary holding would render a ruling on forum non conveniens unreviewable, even when the trial court dismisses the action for refiling in a foreign country and denies a party of its bargain in a forum-selection clause. Once the doctrine of forum non conveniens is applied, res judicata bars any further attempt to relitigate that issue, at least absent changed circumstances. *See Hernandez v. Karlin Foods Corp.*, 205 Ill.2d 581, 796 N.E.2d 1062 (2003); *Gas Sensing Technology Corp. v. Ashton*, 795 Fed.Appx. 1010, 1022 (10th Cir.2020); *Seales v. Panamanian Aviation Co.*, 356 Fed.Appx. 461, 465 (2d Cir.2009); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58-59 (5th Cir.1993); 18A Wright & Miller, *Federal Practice and Procedure*, Section 4436 (3d Ed.2017); *see also Parsons v.*

*Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963) (holding that res judicata did not apply when "the material facts underlying the application of [forum non conveniens] in each forum were different in several respects").

{¶ 45} And to hold, as the majority does, that the dismissal without prejudice to refiling in Kentucky permits the refiling of this action in any Ohio court of competent jurisdiction, including the Cuyahoga County Common Pleas Court, treats the trial court's ruling on the substantive law as a nullity. It also openly invites Crown Services to relitigate the enforceability of its forum-selection clause in any county in this state until it finds a forum willing to hear its complaint. Such a holding is without precedent and runs counter to our judicial policies against forum shopping and multiplying litigation.

{¶ 46} In any case, when the trial court dismissed this action without prejudice to refiling in Kentucky, the plain intent of that order was that the dismissal was with prejudice to refiling in Cuyahoga County and any other county in this state. It intended to bind Miami Valley Paper Tube to its stipulation to litigate the case in Kentucky, and it cannot be said that the dismissal left the parties as if no action had been brought at all.

{¶ 47} The trial court's judgment decided the issue, subject only to reversal on appeal, and we do not permit parties to perpetually relitigate other decisions of a court on substantive law, even if they resolve the case other than on the merits of the underlying litigation. *See, e.g.*, *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 13 (rejecting a rule that would permit "the endless relitigation of a court's [appellate] jurisdiction when [a party] has already had a full and fair opportunity to be heard"); *Natl. City Commercial Capital Corp.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, at ¶ 12 ("Even though the trial court's dismissal of the action against the appellants, for lack of personal

jurisdiction, is otherwise than on the merits, the trial court did not retain jurisdiction, and the dismissal is a final, appealable order").

{¶ 48} As a seminal treatise on practice and procedure has explained, "[t]he appealability of forum non conveniens dismissal orders is so well established * * * that most appeals are decided without comment on jurisdiction." 15A Wright & Miller, *Federal Practice and Procedure*, Section 3914.12 (2d Ed.1992), fn. 23.

{¶ 49} It should therefore come as no surprise that when we adopted the doctrine of forum non conveniens in *Chambers*, we saw no need to expressly state that dismissal on that basis is final and appealable. In any case, we indicated that there was a right to appeal, and inferior courts lack authority to deviate from our precedent but rather "are required to follow the law as it is interpreted by this court," *Mannion v. Sandel*, 91 Ohio St.3d 318, 322, 744 N.E.2d 759 (2001). Even when our precedent appears to be in conflict with other decisions of this court (such as our caselaw discussing the appealability of dismissals without prejudice), a court of appeals must "follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions," *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). The court of appeals' failure to follow our caselaw, standing alone, is reversible error.

{¶ 50} For these reasons, I would reverse the judgment of the Eighth District Court of Appeals and remand this matter to that court to review the trial court's forum non conveniens dismissal on the merits. Because the majority does not, I dissent.

FRENCH, J., concurs in the foregoing opinion.

_____

LoPresti, Marcovy & Marotta, L.L.P., Timothy A. Marcovy, and Christian D. Foisy, for appellants.

Rolfes Henry Co., L.P.A., John A. Fiocca Jr., and Matthew F.X. Craven, for appellee.

_____