**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Davis v. Nathaniel*, **Slip Opinion No. 2022-Ohio-751.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-751

DAVIS, APPELLANT, *v.* NATHANIEL ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Davis v. Nathaniel*, Slip Opinion No. 2022-Ohio-751.]**

*R.C. 2505.02(B)—Court of appeals' judgment vacated for lack of final, appealable order, and cause remanded to trial court for further proceedings.*

(No. 2021-0170—Submitted November 10, 2021—Decided March 16, 2022.)

APPEAL from the Court of Appeals for Summit County,

No. 29761, 2020-Ohio-6858.

_____

{¶ 1} The judgment of the court of appeals is vacated for lack of a final, appealable order, *see* R.C. 2505.02(B), and the cause is remanded to the trial court for further proceedings.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., dissents, with an opinion.

_____

**BRUNNER, J., dissenting.**

{¶ 2} I respectfully disagree with this court's decision to vacate the court of appeals' judgment on the ground that the trial court's June 2, 2020 order is not a final, appealable order under R.C. 2505.02. Further, I would hold that plaintiff-appellant, Rachel Davis, may not seek companionship under R.C. 3109.11, and thus, I would affirm the court of appeals' judgment.

{¶ 3} This case involves three sisters—Davis, defendant-appellee Tammie Nathaniel, and Lora Davis-Mullins, who died in 2013. Davis-Mullins had three children, and before she died, both she and the children's biological father consented to the adoption of the children by Nathaniel and her husband Jeffrey, who is also a defendant-appellee. The decrees of adoption were issued in January 2014. The adoptions are final, and nothing about the Nathaniels' status as the children's adoptive parents is disputed. Under R.C. 3107.15(A)(2), each final decree of adoption therefore operated to "create the relationship of parent and child between petitioner and the adopted person, as if the adopted person were a legitimate blood descendant of the petitioner, for all purposes."

{¶ 4} The issue we agreed to consider in this appeal concerns whether Davis may pursue a claim for companionship with the children under R.C. 3109.11. That statute provides:

> *If either the father or mother of an unmarried minor child is deceased*, the court of common pleas of the county in which the minor child resides may grant the parents *and other relatives of the deceased* father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that

the granting of the companionship or visitation rights is in the best
interest of the minor child.

(Emphasis added.) R.C. 3109.11.

{¶ 5} I would hold that Davis may not bring a claim for companionship under R.C. 3109.11. Our precedent makes clear that Davis cannot do so based on her status as Davis-Mullins's sister. *See In re Martin*, 68 Ohio St.3d 250, 254, 626 N.E.2d 82 (1994). The child in *Martin* had been adopted by the biological maternal grandparents. The biological paternal grandparents then sought visitation under R.C. 3109.12, which concerns companionship and visitation with a child born to an unmarried mother but is similar to R.C. 3109.11 in all material respects. We held that the biological paternal grandparents could not proceed under R.C. 3109.12, because R.C. 3107.15 terminated the legal relationship on which their claim was based.

{¶ 6} Davis argues that this case is different from *Martin* because she is also Nathaniel's sister, which means that she remains the children's maternal aunt after the adoptions. That difference does not change the result. A claim based on Davis's status as Nathaniel's sister necessarily relies on Nathaniel's status as the children's adoptive parent. Such a claim is prohibited by the plain text of R.C. 3109.11, however, because Nathaniel and her husband are still alive. In short, Davis can point to no status that entitles her to seek companionship under R.C. 3109.11.

{¶ 7} The majority does not address these issues. Instead, presumably based on counsel's responses to questioning at oral argument, it vacates the court of appeals' judgment for lack of a final, appealable order under R.C. 2505.02(B). The parties should have been presented an opportunity to brief the final-and-appealable-order issue before this court sua sponte decides that issue.

{¶ 8} R.C. 2505.02(B)(2) permits the appeal of "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an

action after judgment." R.C. 2505.02(A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). An action seeking companionship under R.C. 3109.11 is a special proceeding. The only question is whether the order that led to this appeal affects a substantial right.

{¶ 9} On February 5, 2020, a magistrate appointed a guardian ad litem for the Nathaniels' children. Davis was pursuing only a claim for legal custody at that time. In a separate order entered that same day, the magistrate stated in paragraph 10 that Davis would have to be permitted to interact with the children for the purpose of allowing the guardian to complete her investigation related to Davis's custody claim. The Nathaniels moved the trial court to set aside paragraph 10 on the ground that they do not want the children to have any interaction with Davis. They argued that by requiring such interaction, paragraph 10 violates their fundamental rights as parents.

{¶ 10} On June 2, 2020, the trial court issued the order at issue in this appeal. It first permitted Davis to amend her complaint from a claim for custody to a claim for companionship under R.C. 3109.11. The trial court then denied the Nathaniels' motion to set aside paragraph 10. It provided no explanation for its decision on that issue, other than stating that the magistrate would "have an opportunity to hear from all parties in making a further determination as to whether companionship is appropriate in this case."

{¶ 11} As counsel for the Nathaniels made clear at oral argument before this court, the key point that caused them to appeal the June 2 order was the fact that the order requires that Davis have contact with the children against their wishes as parents. Had the trial court appointed a guardian ad litem *without* ordering contact

between the children and Davis, the Nathaniels would still have maintained that Davis may not pursue companionship with the children, but they would have raised that argument in an appeal from an adverse judgment, if one were entered.

{¶ 12} We have held that "[a]n order affects a substantial right 'only if an immediate appeal is necessary to protect the right effectively.' " *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 16, quoting *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7. In applying this rule, we have asked whether an order "immediately and definitely affects the party" holding the right and whether it "imposes a permanent effect because it is unlikely to be reconsidered as a trial progresses." *Wilhelm-Kissinger* at ¶ 9-10; *see also Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 27, 34 (applying *Wilhelm-Kissinger* and holding that an order appointing a guardian ad litem to represent an adult in a divorce case without first finding the adult incompetent affected a substantial right and was therefore final and appealable under R.C. 2505.02(B)(2)).

{¶ 13} It is clear under well-established law that the Nathaniels have a fundamental constitutional right in the care, custody, and control of their adoptive children. *See Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 40, quoting *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality opinion) (" 'it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children' ").

{¶ 14} The trial court's order immediately interferes with the Nathaniels' parenting of the children, which includes their wishes that the children not have contact with Davis based on their judgment that such contact is not in their children's interest. An appeal at the conclusion of the case in the trial court will not remedy the interference with the parents' wishes in this regard. The trial court's

June 2 order improperly inserted the court into "the private realm of the family," *Troxel* at 68, and it did so without the court's having considered the two aspects of R.C. 3109.11 that we have held make the statute constitutional: (1) the statute limits the parties who may seek companionship and (2) the statute, as interpreted in *Harrold*, requires that a trial court give "special weight" to the wishes of the parents, *see Harrold* at ¶ 41-42. The trial court's June 2 order reflects no consideration whether Davis is a party who may seek companionship with the Nathaniels' children, and it gives no weight whatsoever to the wishes of the Nathaniels. Nor does the trial court's order provide any explanation for the court's decision to deny the Nathaniels' motion to set aside paragraph 10 or its decision to permit Davis to convert her claim for custody into a claim for companionship, fundamentally changing the nature of the proceeding. Given these facts, along with the clarity of the law establishing that Davis may not pursue companionship under R.C. 3109.11, I would conclude that the trial court's June 2 order is final and appealable under R.C. 2505.02(B)(2) and I would affirm the court of appeals' judgment.

{¶ 15} Because the majority holds otherwise, I respectfully dissent.

_____

Leslie S. Graske, for appellant, Rachel Davis.

Miller & Grosscup Law Firm, L.L.C., and Lee Grosscup, for appellees, Tammie and Jeff Nathaniel.

_____

6