[Cite as *Baughman v. Baughman*, 2025-Ohio-1891.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PAULDING COUNTY**

GENE BAUGHMAN, ET AL.

    PLAINTIFFS-APPELLANTS,

  v.

BRADLEY BAUGHMAN, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 11-24-06

OPINION AND
JUDGMENT ENTRY

**Appeal from Paulding County Common Pleas Court
Trial Court No. CI 24 036**

**Appeal Dismissed**

**Date of Decision: May 27, 2025**

**APPEARANCES:**

    *Zachary J. Murry* **for Appellants**

    *Marc J. Kessler* **and** *William J. Beckley* **for Appellee**

**MILLER, J.**

{¶1} Plaintiffs-Appellants, Gene and Mary Ann Baughman (collectively, "Appellants"), appeal from the August 29, 2024 Judgment Entry of the Paulding County Court of Common Pleas granting Appellee's motion to dismiss their complaint. In that judgment entry, the trial court dismissed Appellants' complaint on the basis of forum non conveniens. As explained below, this court does not have jurisdiction to rule on the merits of the substantive issues raised because the Judgment Entry is not a final order.[1] We dismiss for lack of jurisdiction.

## I.     FACTS AND PROCEDURAL HISTORY

{¶2} On March 18, 2024, Appellants filed a complaint against three defendants: their son, Bradley, and two business entities (collectively, "Appellees").[2] Among the claims were breach of fiduciary duty and fraud. On April 30, 2024, Appellees filed a "Motion to Dismiss Complaint for Forum Non Conveniens or, in the Alternative, for Partial Dismissal Pursuant to Civ.R. 12(B)(6)." In the motion, the Appellees asked the trial court to dismiss the case pursuant to the doctrine of forum non conveniens because "Fulton County [is] the

---

[1] This includes, for example, that we do not address the unraised issue of whether the trial court potentially erred in its *intrastate* use of forum non conveniens. *See Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 129-132 (1988) (explaining that *transfer* of a case within the state is not permitted on forum non conveniens grounds, but only pursuant to Civ.R. 3); *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 2005-Ohio-4103, ¶ 15 ("[i]n *Chambers*, we recognized that forum non conveniens applies to cases in which the more convenient forum is in another state or another country," and "[w]e rejected its application, however, to intrastate transfers from one county to another county").
[2] The business entities in this lawsuit were Baughman Growers, Inc. and Clay Hill Enterprises, LLC.

forum that will best serve the convenience of the parties, the public, and the ends of justice." (Motion at 4). Among other things, Appellees argued that Appellants' complaint was filed in retaliation to a lawsuit that Bradley had filed in February 2023 in Fulton County, Ohio and that Appellants' Paulding County complaint contained allegations that substantially overlapped the counterclaims Appellants had asserted in the Fulton County lawsuit.[3] In the motion, Appellees agreed that, if the trial court dismissed the complaint based on the doctrine of forum non conveniens, then they would waive any objections to venue in Fulton County that could be available to them.

{¶3} On August 29, 2024, the trial court granted Appellees' motion to dismiss. It decided that "[j]urisdiction in Paulding County at this juncture is seriously inconvenient and a more appropriate forum is available to the Plaintiff[s] in Fulton County, Ohio." (Judgment Entry at 4). It also recognized that the Fulton County trial court had recently stayed the Fulton County lawsuit in its entirety, pending arbitration (due to a provision in Baughman Capital, LLC's operating agreement), and that Appellants stated Clay Hill Enterprises, LLC has no such provision for arbitration or written operating agreement. This appeal followed.

## II. ASSIGNMENT OF ERROR

Appellants raise a single assignment of error for our review:

---

[3] The Fulton County lawsuit was filed by Bradley Baughman as Trustee of the Bradley Baughman Trust against various defendants, including Gene, Mary Ann, and Eric Baughman (and their related trusts) and Baughman Capital, LLC.

**Assignment of Error**

**The trial court committed reversible error in dismissing Plaintiffs-Appellants' Complaint on the basis of the doctrine of forum non conveniens.**

## III. DISCUSSION

**{¶4}** Appellants acknowledge that we first must decide the threshold issue of whether the judgment entry dismissing the case was a final, appealable order.

### A. Applicable Law

**{¶5}** "Appellate jurisdiction of Ohio's courts of appeals is limited." *Mill Creek Metro. Park Dist. Bd. of Commrs. v. Less*, 2023-Ohio-2332, ¶ 8. "Article IV, Section 3(B)(2) of the Ohio Constitution provides that appellate courts have jurisdiction to review final orders and judgments." *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409, ¶ 13. "If an order is not final and appealable, the appellate court lacks jurisdiction and the appeal must be dismissed." *Johnson v. Stone*, 2019-Ohio-4630, ¶ 11 (3d Dist.).

**{¶6}** "'An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'" *Id.* at ¶ 12, quoting *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 10. The statute at R.C. 2505.02(B) defines a final order and provides, in relevant part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> > (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

. . .

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

. . .

R.C. 2505.02(B)(1), (2), (4).

{¶7} The common-law doctrine of forum non conveniens "allows a court having proper jurisdiction to dismiss an action when to do so would further the ends of justice and promote the convenience of the parties, as an inherent power of the trial court, resting within its sound discretion." *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 125 (1988). "[T]he standard of review for a trial court's dismissal of a case based on the doctrine of forum non conveniens is abuse of discretion—but only if that dismissal is a final order subject to review." *Crowns Servs.* at ¶ 21. Importantly, the Supreme Court of Ohio has held that "a dismissal without prejudice based upon forum non conveniens is not a final,

appealable order pursuant to R.C. 2505.02(B) and is therefore not subject to appellate review." *Id.*

### B.    Analysis

**{¶8}** Although the Judgment Entry did not specifically indicate whether the dismissal was with or without prejudice (it simply said the Defendants' motion to dismiss "is granted"), it is readily apparent that the dismissal was without prejudice. For instance, the dismissal was based upon forum non conveniens and the Judgment Entry specifically states that "a more appropriate forum is available to the Plaintiff[s] in Fulton County, Ohio." (Judgment Entry at 4). Accordingly, it is evident the trial court contemplated a refiling of the lawsuit in Fulton County and relinquished jurisdiction in favor of that forum. *Century Business Servs., Inc. v. Bryant*, 2002-Ohio-2967, ¶ 14-15 (8th Dist.) (the court first found the dismissal was without prejudice and then dismissed the appeal for lack of a final order because the trial court order did not "determine the action" or "prevent a judgment"); *compare Natl. City Commercial Capital Corp. v. AAAA At Your Service, Inc.*, 2007-Ohio-2942, ¶ 8 (dismissal order based upon lack of personal jurisdiction was a final, appealable order where plaintiff could not refile); *see also Crown Servs.*, 2020-Ohio-4409, at ¶ 17 (distinguishing *Natl. City* given that, in that case, the order "was a final, appealable order because it prevented refiling the action and because the trial court did not retain jurisdiction").

{¶9} We find that the Judgment Entry was "a dismissal without prejudice based upon forum non conveniens," so it "is not a final, appealable order pursuant to R.C. 2505.02(B) and is therefore not subject to appellate review." *Crowns Servs.*, 2020-Ohio-4409, at ¶ 21; *see also Century Business Servs.* at ¶ 12-15 (dismissing appeal for lack of jurisdiction; the order that dismissed the case because another court—where a related action was pending—was "a more convenient forum" was not a final, appealable order).

{¶10} Appellants argue the Judgment Entry is a final order and ask us to consider the propriety of the trial court's forum non conveniens determination. They contend that the Judgment Entry is a final, appealable order pursuant to R.C. 2505.02(B)(1), (2), or (4). However, and in line with the overarching holding of *Crown Servs.*, we disagree.

{¶11} First, regarding subdivision (B)(1), even if we assume the Judgment Entry affected a "substantial right" as defined in the statute, the Judgment Entry did not determine the action and prevent a judgment. R.C. 2505.02(A)(1), (B)(1). "[A]n order determines the action and prevents a judgment when it 'dispose[s] of the merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the court.'" *Crown Servs.*, 2020-Ohio-4409, at ¶ 17, quoting *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 2008-Ohio-3920, ¶ 8. On the other hand, "'[a] judgment that leaves issues unresolved and contemplates further action is not a final, appealable order.'" *Id.*, quoting *VIL Laser Sys.* at ¶ 8.

The dismissal here was not on the merits; it did not address the merits of the litigation whatsoever. Additionally, it contemplated that the action will be refiled in Fulton County. *Id.* at ¶ 23-24 ("a dismissal without prejudice based on forum non conveniens does not prevent refiling the action in any court, even in the court where the action was originally filed").

**{¶12}** Appellants argue that, because the Fulton County lawsuit has been stayed pending the conclusion of mandatory arbitration, the claims raised in the Paulding County lawsuit would also be stayed by the Fulton County court, thus denying them a forum "for the orderly and timely resolution of the Plaintiffs' claims." (Appellants' Brief at 12). However, Appellants' assertion that their claims will not be resolved "orderly and timely" is not a criteria for determining that the Judgment Entry "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Furthermore, Appellants' assertion that their case would be stayed pending arbitration is speculation. This is especially true given Appellants' statement that there is no arbitration agreement between the specific parties in this case, unlike in the Fulton County case.

**{¶13}** Next, regarding subdivision (B)(2), even if we again assume the Judgment Entry affected a "substantial right," the Judgment Entry did not "affect[] a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). Appellants argue that arbitration is a special proceeding and again rely on the arbitration order by the Fulton County

court to contend they would be forced to arbitrate the claims from Paulding County, thus making the Paulding County Judgment Entry a final order. This analysis is erroneous. The Judgment Entry does not fit the confines of R.C. 2505.02(B)(2). The Paulding County lawsuit was not an action after a judgment nor did it meet the definition of a "special proceeding," i.e., "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2); *see also Century Business Servs.*, 2002-Ohio-2967, at ¶ 15 (8th Dist.) (breach of contract action was not a "special proceeding," so the order dismissing the case based on forum non conveniens was not a final order under R.C. 2505.02(B)(2)). The Judgment Entry was not an order compelling arbitration, and none of the proceedings in the Paulding County lawsuit were an arbitration.

{¶14} Finally, regarding subdivision (B)(4), the Judgment Entry did not grant or deny a "provisional remedy," as defined in the statute:

> 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to [R.C. 2307.85 or 2307.86], a prima-facie showing pursuant to [R.C. 2307.92], or a finding made pursuant to [R.C. 2307.93(A)(3)].

R.C. 2505.02(A)(3); *see also Century Business Servs.*, 2002-Ohio-2967, at ¶ 15 (8th Dist.) ("[d]ismissal based on the doctrine of forum non conveniens cannot be considered the grant or denial of a provisional remedy; it is not ancillary to the proceeding but affects the pendency of the entire case").

**{¶15}** Appellants have not attempted to show that the Judgment Entry granted or denied a provisional remedy. Instead, they argue that, "to the extent that the Court views the August 29, 2024 Judgment as an entirely provisional remedy, it is still final and appropriately before this Court on the basis of R.C. 2505.02(B)(4) as the Judgment effectively determines the action and Plaintiffs have no meaningful or effective remedy by an appeal following final judgment." (Appellant's Brief at 11). Again, we do not view the Judgment Entry as granting or denying a "provisional remedy." Thus, the argument fails. Therefore, we reject Appellants' contention that the Judgment Entry is a final, appealable order pursuant to R.C. 2505.02(B)(1), (2), or (4).

## IV. CONCLUSION

**{¶16}** For the foregoing reasons, the trial court's judgment entry is not a final, appealable order, and we dismiss the appeal for lack of jurisdiction.

*Appeal Dismissed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case No. 11-24-06

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the instant appeal is dismissed with costs assessed to Appellants for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Mark C. Miller, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm

-11-