[Cite as *In re E.J.M.*, 2011-Ohio-977.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| E.J.M. (DOB 8/5/05) | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
|  | : | William B. Hoffman, J. |
| BRYAN MCBEATH | : |  |
|  | : | Case No. 2010CA00171 |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | O P I N I O N |
|  | : |  |
| SARAH APPLEBY | : |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:            Civil Appeal from Stark County
                                    Court of Common Pleas, Juvenile
                                    Division, Case No. 2006JCV1651

JUDGMENT:                           Reversed & Remanded

DATE OF JUDGMENT ENTRY:             March 2, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

ROBERT G. ABNEY                     SUSAN PUCCI
116 Cleveland Ave., N.W.            4429 Fulton Drive, N.W.
Suite 500                           Suite 100
Canton, Ohio  44702                 Canton, Ohio  44718

*Edwards, P.J.*

{¶1} Appellant, Sarah Appleby, appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, modifying a shared parenting agreement to award custody of her minor child E.J.M. to appellee Bryan McBeath, the natural father of the child.

STATEMENT OF FACTS AND CASE

{¶2} E.J.M. was born on August 5, 2005. Appellant and appellee were not married at the time of his birth. On February 23, 2009, the parties filed a shared parenting plan with the trial court which was approved and adopted by the court the same day.

{¶3} Appellee filed a motion for termination and/or modification of the shared parenting plan on September 25, 2009. Appellant filed a motion for custody on October 1, 2009.

{¶4} A pre-trial hearing was held on the pending motions on November 23, 2009. Following this hearing, the court made a finding that appellant failed to pay the guardian ad litem as ordered and failed to set up a payment plan. The court ordered appellant to pay $100 per month or face a contempt filing.

{¶5} A final pre-trial was held on March 3, 2010. The court issued the following order following this hearing:

{¶6} "This is a case that has been in continual litigation since 2006 to the detriment of [E.M.] DOB 8-5-05. On 2-18-10 the Magistrate found that the Parenting Evaluation should be waived upon review and consultation with counsel, GAL and the Court. Today, GAL feels the Evaluation would be helpful. The GAL also filed a

recommendation including his opinion that Shared Parenting is not feasible. He also has recommended father to have custody and mother Schedule A. The child is enrolled in preschool but mother has failed to be on time to school regularly.

{¶7} "The court has reviewed the GAL report filed 2-17-10 which indicates the current scheme of shared parenting is not feasible between these parties. The court is considering a summary change of custody and will do so in the best interest of this child without a further hearing upon specific recommendation of the GAL or any other incident involving the parent(s) failure to strictly follow court orders. In the best interests of this child, psychological evaluations are necessary and parties shall contact Dr. Tully w/i 7 days for full psychs of themselves and any adult household members at the mother's 100% expense. The mother shall make a full deposit with Dr. Tully w/i 7 days of funds necessary to finalize the evals of the parties and any of their household members. In light of this order, the trial of April 1, 2010 is not possible. This matter is reset for ½ day trial on: July 1, 2010 @ 9:00 a.m." Judgment Entry, March 4, 2010.

{¶8} On June 25, 2010, appellee filed a motion for a summary order. In this motion, appellee asked for a summary change of custody. Appellee argued that hair follicle tests taken by the parties in response to the March 4, 2010, order showed that appellant tested positive for marijuana. Appellee further argued that as of June 25, 2010, the psychological evaluation had not been completed because Dr. Tully had not been paid. Appellee argued that the best interests of the child would be served without further hearing and asked that a summary change of custody be granted designating appellee as the sole residential parent of the child.

{¶9} The case was set for trial on July 1, 2010. The court held a preliminary hearing prior to the start of trial. At this hearing, appellant argued that she had the right to an evidentiary hearing as to the best interests of the child, a right to put on her case and to cross-examine witnesses, including the guardian ad litem. Tr. 7. Counsel further represented that appellant had in fact paid Dr. Tully for the psychological evaluation as ordered by the court, and she had a receipt for such payment. Tr. 7. Counsel represented that there was a "misunderstanding" as to the drug test and subsequent tests were negative. Tr. However, the court changed custody summarily without taking any evidence, finding:

{¶10} "The mother has continued her failure to comply with court orders and again the court is unable to proceed for trial in this matter for the same reason as before. The court has already made findings regarding the detriment to this child due to mother's dilatory tactics. The mother's drug test indicates that she continues use (sic) marijuana. The GAL again recommends that this litigation should cease in the best interests of this child. The GAL also indicates that he has met with the school officials where [E.M.] will attend this fall and everything is in order for him there." Judgment Entry, July 1, 2010.

{¶11} Appellant assigns three errors on appeal:

{¶12} "I. APPELLANT WAS DENIED HER DUE PROCESS RIGHTS UNDER THE OHIO CONSTITUTION WHEN THE TRIAL COURT REVOKED HER STATUS AS RESIDENTIAL PARENT AND GRANTED CUSTODY TO APPELLEE, THEREBY DISMISSING OR OVERRULING HER MOTION FOR CUSTODY, WITHOUT THE PRESENTATION OF ANY EVIDENCE.

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE PARTIES' SHARED PARENTING PLAN, AWARDING CUSTODY TO APPELLEE, AND VISITATION TO APPELLANT WITHOUT ANY EVIDENCE OR CONSIDERATION OF O.R.C. §3109.051.

{¶14} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE PARTIES' SHARED PARENTING PLAN AND AWARDING APPELLEE CUSTODY FOR APPELLANT'S ALLEGED NON-COMPLIANCE WITH THE TRIAL COURT'S PRIOR ORDERS."

I,II,III

{¶15} We address all three assignments of error together, as appellant addressed assignments two and three together in her brief, and appellee addressed assignments one and two together in his brief. All raise the issue of whether the court denied appellant her right to due process and abused its discretion in changing custody without taking any evidence or giving appellant a right to be heard, as punishment for her noncompliance with orders of the court.

{¶16} In addressing a claim of lack of due process in a custody proceeding, this Court has held:

{¶17} "Generally, due process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill* (1985), 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494, (citing *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865). At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. *Mathews v.*

*Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. See also *McGeorge v. McGeorge* (May 22, 2001), Franklin App. No. 00AP 1151, 2001 WL 537037." *In Re Roberson*, Stark App. No. 2003CA00393, 2004-Ohio-4996, ¶22.

**{¶18}** In the instant case, while appellant had notice that the court was contemplating a summary change of custody, appellant specifically requested an opportunity to be heard on the change of custody issue and was denied her right to present evidence and cross-examine witnesses. The court denied appellant her basic due process rights in so doing.

**{¶19}** The parties agree that the court had jurisdiction over this matter pursuant to R.C. 2151.23, and that the court's decision regarding change of custody is guided by R.C. 3109.04(E), which provides in pertinent part:

**{¶20}** "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

**{¶21}** "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶22} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶23} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. . .

{¶24} "(2) In addition to a modification authorized under division (E)(1) of this section:

{¶25} "(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.

{¶26} "(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under

division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.

{¶27} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

{¶28} "(a) The wishes of the child's parents regarding the child's care;

{¶29} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

{¶30} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

{¶31} "(d) The child's adjustment to the child's home, school, and community;

{¶32} "(e) The mental and physical health of all persons involved in the situation;

{¶33} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

{¶34} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

{¶35} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense

involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

{¶36} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

{¶37} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."

{¶38} In the instant case, the trial court did not take any evidence regarding the best interest of the child, but made a finding of best interests based primarily on the recommendation of the guardian ad litem: a recommendation which appellant was not given the opportunity to challenge with evidence of her own or by way of cross-

examination. The court's summary order changing custody is in the nature of a contempt finding, punishing appellant for her noncompliance with prior orders of the court regarding paying for the guardian ad litem and paying for psychological evaluations by changing custody without giving her an opportunity to be heard. This Court has previously held that a change of custody is not to be used as punishment:

{¶39} "Further, the sua sponte change of custody did not take into account what was in the best interests of the children. Rather, it appears to have been done to punish the appellant for some perceived wrongdoing. That is not the function of the family court. The function of the family court in cases involving children and child custody is to make decisions giving the utmost consideration to the welfare of the children."

{¶40} *Myers v. Myers*, 170 Ohio App.3d 436, 867 N.E.2d 848, 2007-Ohio-66,¶39. See also *Sheppeard v. Brown*, 2008 WL 186670 (Ohio App. 2 Dist.), 2008-Ohio-203,¶54 (R.C. 3109.04 does not permit a change of custody based upon a finding of contempt, citing *Culberson v. Culberson* (1978), 60 Ohio App.2d 304, 397 N.E.2d 1226).

{¶41} While we understand the trial court's frustration with the prolonged litigation in this case and the trial court's concern that the welfare of the child has been harmed because of it, we find that the termination of the shared parenting plan and the granting of custody to one of the parties, without the requested evidentiary hearing, violates mother's due process right to the "opportunity for a hearing appropriate to the nature of the case." *Cleveland Bd. Of Educ.* supra.

{¶42} Assignments of error one, two and three are sustained.

{¶**43**}  The judgment of the Stark County Common Pleas Court, Juvenile

Division, is reversed.  This cause is remanded to that court for further proceedings

according to law.

By: Edwards, P.J.

Gwin, J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/r1214

[Cite as *In re E.J.M.*, 2011-Ohio-977.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:
E.J.M. (DOB 8-5-05)

| | | |
|---|---|---|
| BRYAN MCBEATH | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SARAH APPLEBY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00171 |


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES