**[Cite as *In re A.P.*, 2020-Ohio-5131.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN RE:

    A.P.,

DEPENDENT CHILD.

[C.O. - APPELLANT]

CASE NO. 8-20-17

O P I N I O N

IN RE:

    An.O.,

DEPENDENT CHILD.

[C.O. - APPELLANT]
[D.O. - APPELLANT]

CASE NO. 8-20-18

O P I N I O N

IN RE:

    H.P.,

DEPENDENT CHILD.

[C.O. - APPELLANT]

CASE NO. 8-20-19

O P I N I O N

IN RE:

    Ni.O.,

DEPENDENT CHILD.

[C.O. - APPELLANT]
[D.O. - APPELLANT]

CASE NO. 8-20-20

O P I N I O N

**IN RE:**

    **J.O.,**

**DEPENDENT CHILD.**

**[C.O. - APPELLANT]**
**[D.O. - APPELLANT]**

**CASE NO.  8-20-21**

**O P I N I O N**

---

**IN RE:**

    **C.O.,**

**DEPENDENT CHILD.**

**[C.O. - APPELLANT]**
**[D.O. - APPELLANT]**

**CASE NO.  8-20-22**

**O P I N I O N**

---

**IN RE:**

    **Z.O.,**

**DEPENDENT CHILD.**

**[C.O. - APPELLANT]**
**[D.O. - APPELLANT]**

**CASE NO.  8-20-23**

**O P I N I O N**

---

**IN RE:**

    **Na.O.,**

**DEPENDENT CHILD.**

**[C.O. - APPELLANT]**
**[D.O. - APPELLANT]**

**CASE NO.  8-20-24**

**O P I N I O N**

---

**IN RE:**

       **CASE NO.  8-20-25**

    **Az.O.,**

**DEPENDENT CHILD.**       **O P I N I O N**

**[C.O. - APPELLANT]**
**[D.O. - APPELLANT]**

**Appeals from Logan County Common Pleas Court**
**Family Court Division**
**Trial Court Nos. 20 CS 21 A, B, C, D, E, F, G, H and I**

**Judgments Reversed Causes Remanded**

**Date of Decision:   November 2, 2020**

**APPEARANCES:**

    *Alison Boggs* **for Appellant-Mother**

    *Matthew Langals* **for Appellant-Father**

    *Chelsea R. Brown* **for Appellee, Logan County Children's Services**

**SHAW, P.J.**

**{¶1}** Appellant-Mother, C.O. ("Mother"), and Appellant-Father, D.O. ("Father"), appeal the May 13, 2020 judgments of the Logan County Court of Common Pleas, Family Court Division, adjudicating their children dependent under

R.C. 2151.04(C). On appeal, Mother and Father challenge several aspects of the trial court's dependency adjudication on both procedural and substantive grounds.

{¶2} On March 17, 2020, Plaintiff-Appellee, Logan County Children's Services (the "Agency"), filed a Motion for Issuance of Emergency Temporary Orders and complaints alleging that A.P., An.O., H.P., Ni.O., J.O., C.O., Z.O., Na.O., and Az.O were dependent children under R.C. 2151.04(C). The Agency also alleged in the complaints that A.P. and An.O. were abused children under R.C. 2151.031(D). The allegations underlying the complaints involved reports of domestic violence perpetrated by Father against Mother, A.P., and An.O. in the home where the family resides. The next day, the trial court granted the Agency's motion for temporary custody, designated the children's maternal grandparents as their temporary legal custodians, and ordered Father to have no contact with the children until further notice by the court. The trial court also appointed a guardian ad litem ("GAL") to the case.

{¶3} On May 7, 2020, the trial court conducted an adjudication hearing on the Agency's complaints. The trial court heard testimony from the Agency's caseworker regarding the investigation of the allegations contained in the complaint. At the close of the proceedings, the trial court found on the record that the Agency had proved its case by clear and convincing evidence with regard to the dependency

allegations relating to all nine children. However, the trial court determined that the evidence did not support the Agency's allegations of abuse against A.P. and An.O.

{¶4} On May 13, 2020, the trial court issued a judgment entry journalizing its dependency adjudication in the cases involving all nine children. On the same day, the Agency filed an emergency motion requesting alteration of the children's placement with maternal grandparents. The trial court conducted a hearing on the emergency motion, where it was revealed that the maternal grandparents were overwhelmed with providing care for the children, who ranged in ages from fifteen years to five months. The trial court designated Mother as the legal custodian of the children, with Father having parenting time supervised by the Agency. Notably, the record indicates that Father had vacated the family home during the proceedings.

{¶5} On May 28, 2020, the trial court conducted a dispositional hearing. The trial court designated both Mother and Father as the legal custodians of the children under the protective supervision of the Agency. The trial court further permitted Father to return to the family home. The trial court's dispositional orders were journalized in its June 15, 2020 Judgment Entry.

{¶6} On June 11, 2020, Mother and Father each filed notices of appeal from the trial court's judgment adjudicating the children dependent. Mother's and Father's appeals with respect to the seven children they share were consolidated for purposes of appeal. Mother filed notices of appeal from the trial court's judgments

of adjudication relating to the two older children, A.P. and H.P., which were also consolidated with the cases involving the seven other children on appeal.[1]

{¶7} Mother and Father assert the following assignments of error for our review on appeal.

## ASSIGNMENT OF ERROR NO. 1

**THE JUVENILE COURT VIOLATED APPELLANTS' DUE PROCESS RIGHTS WHEN IT DID NOT PERMIT APPELLANTS TO PRESENT WITNESSES OR EVIDENCE DURING THE ADJUDICATORY HEARING AND CUT APPELLANT-MOTHER'S ATTORNEY OFF DURING HER CROSS-EXAMINATION.**

## ASSIGNMENT OF ERROR NO. 2

**THE JUVENILE COURT ERRED WHEN IT FAILED TO MAKE ANY FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS JUDGMENT ENTRY TO SUPPORT ITS DECISION FINDING THAT THE CHILDREN ARE DEPENDENT.**

## ASSIGNMENT OF ERROR NO. 3

**THE JUVENILE COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SUFFICIENCY OF THE EVIDENCE. APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN WERE DEPENDENT.**

---

[1] The father of A.P. and H.P. did not participate in the proceedings nor did he file an appeal of the trial court's dependency adjudication, despite being properly served with notice. Mother (with respect to all nine children) and Father (with respect to the seven they share) filed a combined brief for purposes of appeal and have asserted assignments of error raising issues relevant to the cases involving all nine children.

## ASSIGNMENT OF ERROR NO. 4

**THE JUVENILE COURT ERRED WHEN IT ALLOWED, ON MULTIPLE OCCASIONS, IMPERMISSIBLE HEARSAY DURING THE ADJUDICATORY HEARING.**

*First Assignment of Error*

{¶8} In their first assignment of error, Mother and Father claim that the trial court violated their procedural due process rights when it limited their counsels' opportunities to cross-examine the Agency's witness, and when it made its decision before Mother had an opportunity to present witnesses, thereby precluding Mother's counsel from presenting any evidence in support of her position. Notably, the Agency concedes that the trial court erred in this regard.

*Legal Authority*

{¶9} The right to procedural due process is required by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State ex rel. Plain Dealer Publishing Co. v. Floyd*, 111 Ohio St.3d 56, 2006-Ohio-4437, ¶ 45. At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319 (1976). The opportunity to be heard must occur at a meaningful time and in a meaningful manner. *Floyd* at ¶ 45. It is well settled that "parents are entitled to due process during the adjudicatory stage of the proceedings * * *." *In re L.F.*, 9th Dist. Summit Nos. 27218 and 27228, 2014-Ohio-3800, ¶ 22.

*Adjudication Proceedings*

**{¶10}** At the adjudication hearing, the Agency presented one witness, the caseworker involved in the investigation. Periodically, throughout the Agency's direct examination the trial court directed the prosecutor to streamline her questions for the witness and stated, "I would just like to hear facts * * * So, I—we can't be here all day, folks. So, let's focus on that." (May 7, 2020 Hrg. at 33).

**{¶11}** Once direct examination of the Agency's caseworker was complete the trial court informed the three other attorneys present, which included Mother's counsel, Father's counsel and the GAL, "For cross-examination, I don't want you to ask duplicate questions so I know you're trying to think of your questions but listen at the same time so we don't have repetitive ones. So I'll just shut you down for saving time." (May 7, 2020 Hrg. at 53). Shortly after Mother's attorney began cross-examination of the Agency's caseworker, the trial court interrupted, "Let's do this, [Mother's counsel]. We'll come back to you. I just want because of time I want to get cross-examination finished, give everybody an opportunity. Do you (Father's Counsel) have to any additional questions for cross?" (Id. at 66). Father's counsel indicated that Mother's counsel's questions for the witness were sufficient and did not cross-examine the witness. The GAL indicated to the court that she had additional questions on cross-examination and hurriedly tried to finish her cross-examination in an expedient fashion.

{¶12} The trial court then proceeded to ask few follow-up questions and then informed to the parties, "Okay. Okay. All right. Okay. Do you have any redirect? I'm ready to rule." (May 7, 2020 Hrg. at 78). The prosecutor replied, "Your Honor, I just want to be sure that [Mother's counsel] is finished with her cross before I continue." (Id.). Mother's counsel indicated on the record that she had finished questioning the Agency's witness. The prosecutor then conducted a brief redirect examination of the caseworker. Immediately after the prosecutor finished redirect examination the trial court announced its decision adjudicating the children dependent.

{¶13} After the decision on adjudication was announced, the following exchange occurred between the trial court and Mother's counsel:

**The Court: Does counsel have any question?**

**Mother's Counsel: Your Honor, we had a number of witnesses here.**

**The Court: Well, we have to finish the case today, and I've heard enough evidence that I can make findings that that's what I'm doing. So if we go—we'll go to deposition, and at that point you'll have time to file an appeal. Any questions?**

(May 7, 2020 Hrg. at 83).

{¶14} The trial court subsequently explained to Mother's Counsel on the record, "So when you ask for a continuance of a hearing and my assignment commissioner—who doesn't understand this stuff, that's not her job—gives you an

hour, you have to live within that hour or you have to make sure you ask for more time based on the witnesses you're presenting, ok? Is that fair? [The assignment commissioner] just can't handle that piece * * *." (May 7, 2020 Hrg. at 84).

*Analysis*

{¶15} At the outset, we are cognizant that a court has discretion to control the mode and order of witness examination. Likewise, we recognize that the scope and limitation of cross-examination are matters within the sound discretion of the trial court. However, as previously noted, the fundamental tenants of due process require that parties to a dependency proceeding be given an opportunity to be heard in a meaningful manner during the adjudicatory stage.

{¶16} " 'Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal * * * to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved.' " *In re L.R.*, 5th Dist. Holmes No. 13CA004, 2013-Ohio-3104, ¶ 72, quoting *Williams v. Dollison*, 62 Ohio St.2d 297, 299 (1980).

{¶17} In the instant cases, we agree with the parties that Mother was deprived of a meaningful opportunity to be heard when the trial court precluded Mother from presenting any evidence in support of her case at the adjudication hearing. Under her basic due process rights, Mother was entitled to present her defense, absent any

indication in the record of a valid waiver of that right, which is not present in this case. *See In re E.J.M.*, 5th Dist. Stark No. 2010CA00171, 2011-Ohio-977, ¶ 18; Juv.R. 29. Accordingly, we find that the trial court erred when it adjudicated the children dependent without permitting Mother to offer evidence in support of her case.

{¶18} The first assignment of error is sustained.

*Second Assignment of Error*

{¶19} In their second assignment of error, Mother and Father claim that the trial court's judgment entries finding the children dependent failed to comply with R.C. 2151.28(L).

{¶20} R.C. 2151.28 governs the adjudicatory hearing. Subsection (L) states the following:

> **If the court, at an adjudicatory hearing held pursuant to division (A) of this section upon a complaint alleging that a child is an abused, neglected, dependent, delinquent, or unruly child or a juvenile traffic offender, determines that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child.**

{¶21} Mother and Father argue that the trial court failed to make these requisite findings. On appeal, the Agency concedes that "the Juvenile court failed

to make written findings of fact in the Judgment Entry finding that the Minor Children were Dependent." (Appe. Br. at 9). Notably, the record clearly establishes that these judgment entries are devoid of any findings of fact and conclusions of law, including "specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child." R.C. 2151.28(L).

{¶22} We have previously addressed this issue and have determined that the proper remedy is to remand the cases to the trial court to issue judgment entries of dependency with these written findings of fact and conclusions of law in compliance with R.C. 2151.28(L). *See In re P.C.*, 3d Dist. Logan Nos. 8-19-45, 8-19-46, 8-19-47, 8-19-54, 8-19-55, 8-19-56, 2020-Ohio-2889, ¶ 25; *In re S.L.*, 3d Dist. Union Nos. 14-15-07, 14-15-08, 2016-Ohio-5000, ¶ 9; s*ee also e.g.*, *In the matters of T.J.*, 5th Dist. Knox Nos. 19CA02, 19CA03, 19CA04, 2019-Ohio-3626; *In re E.Z.*, 8th Dist. Cuyahoga No. 103728, 103966, 2016 WL 4399394.

{¶23} However, due to our resolution of the first assignment of error, it will be necessary for the trial court to conduct a new adjudication hearing. Accordingly, the trial court will be given the opportunity to comply with R.C. 2151.28(L) upon the issuance of its new judgment ruling on the Agency's complaints alleging dependency in these cases.

**{¶24}** Accordingly, to this extent only, the second assignment of error is sustained.

*Third and Fourth Assignments of Error*

**{¶25}** Due to our resolution of the first assignment of error, the third and fourth assignments of error are rendered moot. On this basis, this Court declines to address these assignments of error.

**{¶26}** For all these reasons, the judgments are reversed and the causes are remanded for proceedings consistent with this opinion.

*Judgments Reversed and*
*Causes Remanded*

**PRESTON and ZIMMERMAN. J.J., concur.**

**/jlr**