[Cite as *Ijakoli v. Alungbe*, 2022-Ohio-2423.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ELIZABETH IJAKOLI, | : | APPEAL NO. C-210366 |
| | | TRIAL NO. DR-1701029 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| GABRIEL ALUNGBE, | : | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 15, 2022

*Legal Aid Society of Greater Cincinnati* and *Kristin Riebsomer,* for Plaintiff-Appellee,

*Gabriel Alungbe,* pro se.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Gabriel Alungbe appeals two evidentiary rulings made by the trial court in a custody-modification hearing. Specifically, he challenges the trial court's decisions denying his motion to compel the production of the guardian ad litem's file and excluding his approximately 1,000 pages of documentary evidence. For the following reasons, we affirm the trial court's judgment.

## I.       Facts and Procedure

**{¶2}** Alungbe and plaintiff-appellee Elizabeth Ijakoli were married in 2009 and subsequently had two children together. In 2017, Ijakoli filed for divorce. Two years later, the trial court issued a divorce decree and designated Ijakoli as the residential parent of their children. In the decree, Alungbe was granted weekly parenting time. The parties filed numerous postdecree motions to enforce and modify the decree, to modify parenting time, for psychological testing, and for contempt. While Alungbe periodically had legal representation, he was pro se at all times relevant to this appeal.

**{¶3}** In August 2020, Alungbe filed a postdecree motion to modify the custody order and alleged that their children were being neglected. The following week, Ijakoli filed postdecree motions to hold Alungbe in contempt of the decree and to modify parenting time. Days later, Alungbe moved for an expedited hearing on a motion to modify the "parenting order to grant Defendant full custody" of the children.

**{¶4}** Additionally, Alungbe requested the appointment of a guardian ad litem ("GAL") for the children. The following month, the magistrate found that a GAL was necessary under "Local Rule Title X" and appointed one for the children. The magistrate tasked the GAL with investigating and reporting to the court the best

interests of the children under Sup.R. 48(D). In his investigation, the GAL was instructed to interview school personnel and medical providers, among others.

**{¶5}** In February 2021, Alungbe moved the court to terminate the GAL. In March, Alungbe "e-filed" approximately 1,000 pages of documents. In response, Ijakoli moved to strike his filings under Civ.R. 12(F). In April, the magistrate held a hearing and denied Alungbe's motion to terminate the GAL. The magistrate informed Alungbe that his filings were "really exhibits" and he "shouldn't be filing exhibits with the Court." Rather, the magistrate informed him that the filings were "something that you use during your hearing," and struck his filings from the docket.

**{¶6}** In June 2021, Alungbe subpoenaed the GAL to "produce your whole file, including all notes, documents and memoranda reviewed and used." Weeks later, he filed a motion to compel the GAL "to produce his file, reports, letters, documents, and notes used in the preparation of his report filed in this matter." In response, the GAL moved to quash the subpoena and argued that Local R. 10.9 of the Court of Common Pleas of Hamilton County, Domestic Relations Division ("Loc.R. 10.9") and former Sup.R. 48 prohibited the disclosure of the privileged information requested and redaction "would be unduly burdensome to provide."

**{¶7}** The trial court held a hearing on Alungbe's motion to compel the GAL to produce his records, the GAL's motion to quash Alungbe's subpoena, and the issue of a change in circumstances relevant to Alungbe's motion for a custody modification. After Alungbe and the GAL presented arguments regarding the GAL's records, the trial court denied Alungbe's motion to compel and granted the GAL's motion to quash Alungbe's subpoena.

**{¶8}** Next, the trial court considered whether there was a change of circumstances warranting custody modification. Ijakoli informed the trial court that

Alungbe sent "approximately a thousand pages of documents at 3 p.m. yesterday." The trial court told Alungbe this contravened the "civil rules of evidence."

{¶9}   Alungbe argued that medical, educational, and emotional neglect of the children constituted a change of circumstances warranting a custody modification. With Ijakoli on the stand, Alungbe questioned her about a range of topics, including the children's supervision, education, and medical needs. In the midst of his questioning, Alungbe asked the court for permission to introduce his evidence into the record. The trial court refused and answered, "[I]f you're going to try to lay a thousand pages of documents here that counsel didn't receive until last night at 5:00, I'm not going to allow it."

{¶10}   Alungbe called the GAL to the stand and questioned the veracity of the GAL's report. Alungbe requested permission to present evidence to refute the report. The trial court denied his request and instructed him to "question the guardian ad litem on his findings in his report." Later, Alungbe asked the GAL whether he knew that Alungbe's daughter "was not on video Zoom for a month?" The GAL was unaware. Alungbe asked to play a video of the class, explaining

> There are points that [the GAL] raised here that are not true. And if I can now refer to the exhibit, you know, if we can have it admitted into evidence, and I can refer to that and call your attention to that.
>
> It is very, very hard because I have to say this without then showing anything, you know.
>
> If I can refer to this exhibit so you see things. You know, it is hard for me to talk, oh, you want me to do that in my testimony when I testify. Because it's hard.

4

{¶11} Alungbe informed the court that the video showed his daughter unable to participate in class because her video and camera were malfunctioning. The GAL and Ijakoli objected. The trial court denied his request because it was "not following how this is a change of circumstance."

{¶12} After some dialogue, the trial court confirmed that Alungbe sought to establish educational neglect. In response, Alungbe told the trial court that he had evidence of the GAL's inconsistency and bias "documented in the exhibits," and asked to "go through them one by one, [to] demonstrate that." The trial court refused:

No. We're not going to go through one by one because this—I repeat myself again. This hearing was set for a one-hour hearing. And I recognize that we got—we got started about 20 minutes late. But it's now after 11 a.m. And so far I've heard nothing that supports a change of circumstance.

{¶13} Finally, Alungbe testified about his children's care, education, and health. At the conclusion of the hearing, the trial court found that Alungbe "failed to establish a change of circumstance as required by the statute," and denied his motion to modify custody.

{¶14} The trial court entered judgment granting the GAL's motion to quash Alungbe's subpoena and denying modification because Alungbe "did not provide any convincing evidence that the children are being neglected in any manner." In its entry, the trial court scheduled a "status conference on the remaining motions."

{¶15} Alungbe appeals, challenging the trial court's evidentiary decisions in two assignments of error.

## II.    Law and Analysis

**{¶16}** Before reaching the merits of the assignments of error, Ijakoli maintains that the trial court's decision is not a final appealable order under R.C. 2505.02. She argues that the trial court's decision did not determine the action in light of unresolved parenting-time motions pending before the trial court. We agree that the decision contemplated further action on the issue of parenting time.

**{¶17}** In Ohio, appellate courts are empowered to review final orders or judgments of a trial court. Ohio Constitution, Article IV, Section 3(B)(2). Generally, an order or judgment is final if it falls into one of the categories of final judgments identified by R.C. 2505.02(B). *Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 21. Our inquiry begins with the statutory text.

**{¶18}** Ijakoli's argument focuses on R.C. 2505.02(B)(1), which provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Ijakoli maintains that, in cases involving parental rights and responsibilities, a trial court's order is final only when the order resolves every pending claim. She relies on *Rice v. Lewis,* 4th Dist. Scioto No. 11CA3451, 2012-Ohio-2588. In *Rice,* the trial court's custody order was not a final, appealable order when the order failed to establish parenting time for the nonresidential parent. *Rice* at ¶ 12. Relying on Civ.R. 54(B), the court dismissed the appeal because "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Id.* at ¶ 14, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (4th Dist.2001), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

**{¶19}** But we fail to see how *Rice,* which involved an appeal from an initial order determining custody, controls our analysis of the trial court's post-decree judgment denying modification of custody. While we agree that the order is not final under R.C. 2505.02(B)(1), we must consider the statute's six remaining categories of final orders. We find that R.C. 2505.02(B)(2) determines finality in this case. And we continue to recognize the open questions surrounding the application of Civ.R. 54(B) to postjudgment motions under R.C. 2505.02(B)(2). *See Nichols v. Durrani,* 1st Dist. Hamilton No. C-210224, 2021-Ohio-2973, ¶ 3; *see also Quesinberry v. Quesinberry,* 2021-Ohio-4680, 185 N.E.3d 1136, ¶ 33 (2d Dist.).

**{¶20}** Under R.C. 2505.02(B)(2), an order is final if it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." The trial court's order was final, and we have jurisdiction, if the order 1.) was made in a special proceeding, 2.) affected a substantial right, and 3.) Alungbe "would not be able to effectively protect [his] substantial right without immediate review." *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 11.

**{¶21}** A "special proceeding" is a proceeding "specially created by statute" that did not exist at common law prior to 1853. R.C. 2505.02(A)(2). Here, the trial court denied Alungbe modification of the custody order in the divorce decree. As we have explained, "[I]t is beyond cavil that custody proceedings brought in juvenile court did not exist at common law but were created by statute." *In re E.N.*, 1st Dist. Hamilton No. C-170272, 2018-Ohio-3919, ¶ 16. Likewise, divorce proceedings are statutory creations that did not exist at common law. *See Thomasson* at ¶ 12, citing *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6. Therefore, the decision was made in a special proceeding.

7

**{¶22}** A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Parental rights, including the "fundamental right of parents to make decisions concerning the care, custody, and control of their children," are " 'essential' and 'basic' civil right[s]." *In re E.N.* at ¶ 17, quoting *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), and *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990), quoting *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Thus, the trial court's decision involved a substantial right.

**{¶23}** We hold that the trial court's decision affected Alungbe's substantial rights. A decision affects a substantial right " 'if an immediate appeal is necessary to protect the right effectively.' " *Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 16, quoting *Wilhelm-Kissinger* at ¶ 7, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). We find an immediate appeal is necessary considering the substantial right at issue and nature of the case. Indeed, it would be "inequitable and impracticable" to require Alungbe to postpone his appeal until the end of the postdecree litigation in this case. *See Quesinberry*, 2021-Ohio-4680, 185 N.E.3d 1136, at ¶ 29 ("Subjecting a party's post-judgment right to appeal to the question of whether the other party has sought relief in the trial court will inevitably cause delay and invite gamesmanship.").

**{¶24}** Ijakoli argues that the absence of a Civ.R. 54(B) certification by the trial court limits our ability to review the decision. But as stated, "[t]he applicability of Civ.R. 54(B) to postjudgment motions under R.C. 2505.02(B)(2) is a matter of some dispute among Ohio courts." *Nichols*, 1st Dist. Hamilton No. C-210224, 2021-Ohio-2973, at ¶ 3 (collecting cases). And "because the trial court's entries affect a substantial

8

right made in a special proceeding, App.R. 4(B)(5) permits the appeal from the trial court's partial judgment." *In re S. Children*, 1st Dist. Hamilton Nos. C-190287, C-190299, C-190313, C-190320, C-190332 and C-190333, 2020-Ohio-3354, ¶ 14. Therefore, the trial court's decision was a final, appealable order.

<u>Exclusion of Evidence</u>

{¶25}  In his first assignment of error, Alungbe maintains that the trial court erred when it excluded his 1,197 pages of evidence of alleged neglect. It appears that Alungbe attempted to submit approximately 1,000 pages of exhibits to this court. But we cannot consider evidence that was not made a part of the record of the proceedings below. *State v. Zhovner*, 2013-Ohio-749, 987 N.E.2d 333, ¶ 11 (3d Dist.), citing *Deitz v. Deitz,* 3d Dist. Union No. 14-11-06, 2012-Ohio-130, ¶ 8.

{¶26}  We recognize that a trial court has broad discretion over the admission or exclusion of evidence, and to reverse a decision to exclude evidence we must find an abuse of discretion and proof of material prejudice. *Gauthier v. Gauthier*, 1st Dist. Hamilton No. C-210239, 2022-Ohio-541, ¶ 24, citing *Hayes v. Durrani*, 1st Dist. Hamilton No. C-190617, 2021-Ohio-725, ¶ 13. A trial court abuses its discretion when it " 'exercise[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.' " *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. In other words, an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is made arbitrarily when "made without consideration of or regard for facts [or] circumstances." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, quoting *Black's Law Dictionary* 96 (5th Ed.1979).

**{¶27}** Following an extensive review of the record, we hold that the trial court's blanket exclusion of Alungbe's evidence, without any substantive consideration of the contents within the evidence, was an abuse of discretion. At several points during the hearing, Alungbe asked to present his evidence as proof of medical and educational neglect. In every instance, the trial court excluded the evidence due to the sheer volume of the evidence offered by Alungbe and fairness to Ijakoli. Alungbe asked to "present [his] evidence so it can be relevant to [the change of circumstance] as I go on" or "introduce exhibits as we move forward?" But the trial court refused as the case was scheduled "originally here for a one-hour hearing," and the hearing was approaching the one-hour mark. The trial court continued, "if you're going to try to lay a thousand pages of documents here that counsel didn't receive until last night at 5:00, I'm not going to allow it."

**{¶28}** Rather than inspect the evidence, the trial court excluded all of Alungbe's evidence. While the exclusion rested on principles of fairness to the opposing party, the record suggests that Alungbe attempted to furnish his evidence months before the June hearing. Furthermore, the trial court failed to issue a case-management order establishing a deadline for Alungbe to turn over his evidence. We recognize the trial court's interest in its "ability to manage its docket so as to perform its work efficiently and diligently." *In re M/W Children,* 1st Dist. Hamilton No. C-180623, 2019-Ohio-948, ¶ 33, citing *In re E.A.,* 1st Dist. Hamilton No. C-130041, 2014-Ohio-280, ¶ 8. But under these circumstances, an indiscriminate and wholesale exclusion of a party's evidence constitutes an arbitrary exercise of discretion. Therefore, we find the trial court abused its discretion when it excluded Alungbe's evidence.

**{¶29}** Yet, to reverse the trial court's decision, we must find that the trial court's abuse of discretion prejudiced Alungbe—that the exclusion affected a substantial right. *See* Evid.R. 103(A). In other words, the exclusion must have "affected the final determination of the proceeding." *Buckmaster v. Buckmaster*, 4th Dist. Highland No. 13CA13, 2014-Ohio-793, ¶ 23, citing *Campbell v. Johnson*, 87 Ohio App.3d 543, 551, 622 N.E.2d 717 (2d Dist.1993), citing *Smith v. Flesher*, 12 Ohio St.2d 107, 233 N.E.2d 137 (1967), and *Schmelzer v. Farrar*, 40 Ohio App.2d 440, 320 N.E.2d 707 (10th Dist.1974).

**{¶30}** While the trial court excluded Alungbe's evidence, it directed Alungbe to question the witnesses and allowed him to refer to his evidence throughout his questioning. Indeed, the trial court informed Alungbe about the probative value of "live testimony of the witness here in the flesh." Through his questioning, Alungbe successfully established that, during the pandemic, the children were left unsupervised at home while their mother went to buy groceries and their performance in school declined. Likewise, he established that their son was not taken to see a medical doctor for a sprained ankle. Further, Alungbe was able to challenge the veracity of the GAL's report's conclusion that there was no change in circumstances warranting a change of custody. Despite the trial court excluding his evidence, Alungbe was able to present his case through testimonial evidence. Therefore, we find that the exclusion of his evidence caused no material prejudice.

**{¶31}** Alungbe maintains that the trial court's exclusion of his evidence violated his right to due process. Both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Course of Law provision of Article I, Section 16 of the Ohio Constitution, guarantee procedural due process, " 'that an individual be given an opportunity to be heard at a meaningful time and in a

meaningful manner.' " *In re Raheem L.,* 2013-Ohio-2423, 993 N.E.2d 455, ¶ 6 (1st Dist.), quoting *Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir.2004), citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The Due Process Clause prevents "the States denying potential litigants use of established adjudicatory procedures, when such an action would be 'the equivalent of denying them an opportunity to be heard upon their claimed [rights].' " *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-430, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), quoting *Boddie v. Connecticut*, 401 U.S. 371, 380, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). An opportunity to be heard includes an opportunity to present evidence. *See State v. Day*, 1st Dist. Hamilton No. C-210503, 2022-Ohio-1954, ¶ 15.

{¶32} For instance, a trial court violated a party's right to procedural due process when the court refused to allow the party to call witnesses or "present[] any evidence in support of her case." *In re A.P.,* 3d Dist. Logan Nos. 8-20-17, 8-20-18, 8-20-19, 8-20-20, 8-20-21, 8-20-22, 8-20-23, 8-20-24 and 8-20-25, 2020-Ohio-5131, ¶ 17. In contrast, a party allowed to present "testimony and evidence" was given a meaningful opportunity to be heard and afforded due process. *In re C.O.*, 8th Dist. Cuyahoga Nos. 99334 and 99335, 2013-Ohio-5239, ¶ 7.

{¶33} As discussed, Alungbe was able to present testimonial evidence during the hearing before the trial court, and therefore, was afforded a meaningful opportunity to be heard. As a result, we overrule Alungbe's first assignment of error.

<u>Access to the Guardian Ad Litem's Records</u>

{¶34} In his second assignment of error, Alungbe argues that the trial court erred when it denied his motion to compel the production of the GAL's records. We review a trial court's decision regarding discovery issues for an abuse of discretion. *Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 13

(1st Dist.), citing *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998).

**{¶35}** Under Loc.R. 10.9(M) of the Court of Common Pleas of Hamilton County, Domestic Relations Division, a GAL "shall make no disclosures about the case or the investigation except in reports to the Court or as necessary to perform the duties of a guardian ad litem." Likewise, former Sup.R. 48(D)(15)[1] prohibited the GAL from making disclosures about the case or investigation. Under these rules, the trial court's decision was proper. The court, however, had the authority to "order disclosure of or access to the information that addresses the need to challenge the truth of the information received from the confidential source." Sup.R. 48.03(F).

**{¶36}** Alungbe's need for the GAL's investigation file is unclear. Alungbe received a copy of the GAL report, which included a list of individuals with whom the GAL spoke during his investigation. At the hearing, Alungbe informed the court that access to the GAL's file was necessary to challenge the statement in the report that Alungbe "forced the doctor to give [him] a report to justify [his] position" of concern about the children's care. Later, Alungbe was able to question the GAL about his report, undercutting his need to access the information obtained by the GAL from confidential sources.

**{¶37}** Considering Alungbe's stated need for the GAL records and ability to question the GAL about the basis of his report, the trial court's decision to deny Alungbe's motion to compel was reasonable. The trial court's decision was not an abuse of discretion. We overrule Alungbe's second assignment of error.

---

[1] The rule was amended and renumbered in 2019. The current version of the rule can be found in Sup.R. 48.03(F), which prohibits a guardian ad litem from making "disclosures about a case or investigation, except to the parties and their legal counsel."

### III.  Conclusion

**{¶38}**  The trial court arbitrarily excluded Alungbe's evidence at the hearing. While this was an abuse of discretion, Alungbe suffered no prejudice. Further, the trial court properly denied Alungbe's motion to compel the production of the GAL files. We therefore overrule Alungbe's two assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.